IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| JULIA WILNER, | ) |
| | ) |
| Plaintiff, | )  2:23-CV-01814-MJH |
| | ) |
| vs. | ) |
| | ) |
| COUNTY OF ALLEGHENY, | ) |
| | ) |
| Defendant, | |

**MEMORANDUM OPINION**

On October 31, 2024, Plaintiff, Julia Wilner, brought a two-count Second Amended Complaint against Defendant, Allegheny County, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 16). On December 2, 2024, Defendant filed a Motion to Dismiss the Second Amended Complaint and accompanying brief. (ECF Nos. 18 & 19). Plaintiff did not respond to Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion to Dismiss will be granted in full.

**I.  Statement of Facts**

Throughout the COVID-19 pandemic, Allegheny County enacted policies and practices that were designed to halt the spread of COVID-19. These policies and practices were based on available data and public-health guidance at the time that they were enacted. (ECF No. 19-1). At first, Allegheny County implemented masking and social distancing practices. (*Id.*). On August 5, 2021, in addition to the masking and social distancing practices, Allegheny County announced

1

that all employees who did not have their COVID-19 vaccination were required to undergo weekly COVID-19 testing. (*Id.*) On September 29, 2021, Allegheny County announced that it was implementing a COVID-19 vaccine mandate ("vaccine mandate") for all County employees under the Executive branch. (*Id.*) The vaccine mandate stated that "all Allegheny County employees under the Executive branch must have received their second dose of a two-dose COVID-19 vaccine or a one-dose vaccine" on or before December 1, 2021. (*Id.*) The mandate allowed for exceptions as "required by law" and further stated that "employees who fail to submit proof of completed vaccination by December 1, 2021 (without an approved accommodation) will be subject to termination of employment. (*Id.*).

Plaintiff, Julia Wilner, was employed by Allegheny County in the County Department of Court Records, beginning in 2020. (ECF No. 16, at ¶ 6). After Allegheny County announced its vaccination mandate, Plaintiff submitted a religious accommodation request to the mandate, indicating her objection to the vaccination mandate based upon her religious beliefs. (*Id.* ¶ 21). Plaintiff alleges that she informed Defendant that "he or she believes that their body is a holy temple of the Holy Spirit and that being vaccinated would entail going against their convictions and the commands of God." (*Id.*). Plaintiff further alleges that "based upon their Christian beliefs [Plaintiff] does not believe in abortion. All of the three available vaccines used fetal cells in the creation and/or testing and/or manufacturing which is against his or her religion." (*Id.*). Plaintiff's religious accommodation request was denied by Defendant, who claimed that such accommodation would impose an undue hardship upon Defendant. (*Id.* ¶ 13).

Plaintiff alleges that she participated in a Loudermill hearing related to her exemption requests. (*Id.* ¶ 7). Plaintiff further alleges that the Loundermill hearing was a "sham," and that

2

Defendant did not properly engage in the interactive process. (*Id.*). On December 12, 2021, Plaintiff was terminated for failure to comply with the vaccination requirement. (*Id.* ¶ 25).

## II.     Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.

2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### III.    Discussion

#### A.  Title VII and PHRA Claims

Defendant argues that Plaintiff failed to exhaust her administrative remedies with the EEOC, and the PHRC, and thus her Title VII and PHRA claims must be dismissed. (ECF No. 30, at 4). Defendant further alleges that Plaintiff did not file her original complaint within ninety days of her receipt of a right-to-sue letter from the EEOC. (ECF No. 19, at 4). In Plaintiff's Second Amended Complaint she alleges that she filed a Charge of Discrimination with the EEOC and cross-filed the Charge with the PHRC, that the EEOC issued her a right to sue letter, and she filed her complaint within 90 days of receiving said letter. (ECF No. 16, at ¶¶ 2a-c). Plaintiff further alleges that she "is entitled to piggyback on the Complaint filed by Shane Chesher," and any other Allegheny County employee, that brought similar claims as her against Defendant, to satisfy her requirement to exhaust her administrative remedies under the respective statutes. (ECF No. 28, at ¶¶ 2c-f). Plaintiff further alleges that the equitable tolling doctrine applies, and she does not need to exhaust her administrative remedies.

Before an action can be filed in federal court under the ADA, Title VII, or the PHRA, a plaintiff must exhaust their administrative remedies by filing a charge with the EEOC. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (holding that "[t]o plead a claim under Title VII, 'a plaintiff must exhaust all required administrative remedies'"; *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir.1999) (holding that "the ADA and the PHRA require pursuit of administrative remedies before a plaintiff may file a complaint in court"). Plaintiff's failure to comply with this administrative requirement constitutes failure to exhaust administrative remedies and provides sufficient ground to dismiss her claims under the ADA, Title VII and the PHRA. *Ganaway v. City of Pittsburgh*, 2008 WL 336297 (2008 W.D. Pa.) (holding that failure to exhaust administrative remedies bars any applicable causes of action). In Pennsylvania, to exhaust their administrative remedies, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice and obtain a right-to-sue letter from the EEOC. *Simmons v. Bistro*, 2018 WL 658924, at *2 (W.D. Pa. Feb. 1, 2018). Further, "[a] plaintiff must commence his federal lawsuit within 90 days from the receipt of an EEOC right-to-sue letter." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added). To avoid dismissal, a plaintiff must allege that they complied with all exhaustion requirements and that they filed their federal civil action in a timely manner. *Id.*

An exception to the administrative exhaustion requirement, the single-filing rule, applies only in instances where "a plaintiff who has not filed an EEOC charge within the requisite time period can join a class action without satisfying…exhaustion…if the original EEOC charge filed by the plaintiff who subsequently filed a class action had alleged class-based discrimination in the EEOC charge." *Ruehl v. Viacom, Inc*., 500 F.3d 375, 385 (3d Cir. 2007).

5

As for the equitable tolling doctrine, Pennsylvania law requires a two-prong test. *See Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 755 (3d Cir. 1983). First, the plaintiff must show that they were subjectively unaware of his or her legal rights. *Id.* The mere mistake, misunderstanding, or lack of knowledge, however, is not sufficient grounds for invoking the doctrine of equitable tolling. *Connors v. Beth Energy Mines, Inc.*, 920 F.2d 205, 211 (3d Cir.1990) (citations omitted). Second, equitable tolling requires that "1) the defendant has actively misled the plaintiff; 2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or 3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Schafer v. Board of Public Educ.*, 903 F.2d 243, 251 (3d Cir. 1990) (setting forth the "Kocian factors").

Here, Plaintiff alleges that she adequately exhausted her administrative remedies and timely filed her Complaint before this Court. However, Plaintiff received her right-to-sue letter from the EEOC on September 8, 2022. (ECF No. 19-3). Plaintiff filed her Complaint in this case on December 16, 2022,[1] ninety-eight days after receiving her right-to-sue letter from the EEOC. Thus, Plaintiff filed her Complaint before this Court ninety-eight days after receiving her right-to-sue letter, outside the required ninety day window. Accordingly, Plaintiff has not properly exhausted her administrative remedies under Title VII.

Plaintiff further alleges that she can "piggyback" on an EEOC charge filed by another Allegheny County employee, Shane Chesher, a pro se plaintiff who filed a charge before the EEOC in a case that Plaintiff was previously a co-plaintiff in, before this Court severed the parties, because the circumstances of each individual plaintiff were too dissimilar. *See Chesher v.*

---

[1] Plaintiff was one of the thirteen plaintiffs who jointly filed a civil Complaint in this Court on December 16, 2022, at 2:22-cv-MJH. In the Court's October 13, 2023 Order, granting Defendant's Motion to Sever, the Court preserved the original filing date of December 16, 2022 for all plaintiffs within said case.

*Allegheny County*, 2023 WL 6214243 (W.D. Pa. 2023). Plaintiff does not allege that she attempted to join a class action, nor does she allege that Shane Chesher asserted class-based discrimination in his EEOC charge. Therefore, the single-filing rule does not apply in this case. Additionally, upon consideration of the Second Amended Complaint, Plaintiff does not plead sufficient facts, other than conclusory statements, to trigger the application of the equitable tolling doctrine under the alleged circumstances. As such, Plaintiff has failed to exhaust her administrative remedies under Title VII and the PHRA. Plaintiff's Title VII and PHRA claims at Counts I-II of the Second Amended Complaint, will be dismissed. As amendment would be inequitable or futile, Plaintiff will not be given leave to amend.

### B. Punitive Damages

Plaintiff's Second Amended Complaint seeks punitive damages against Allegheny County. Punitive damages are not available against Allegheny County under these statutes. 42 U.S.C.A. § 1981a(b)(1); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570 n. 3 (3d Cir.2002); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff's claims for punitive damages against Defendant will be dismissed, with prejudice.

### IV. Conclusion

For the reasons above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complain will be granted in full. Counts I-II of Plaintiff's Second Amended Complaint will be dismissed, with prejudice. The Clerk shall mark this case as closed.

DATE: June 2, 2025

Marilyn J. Horan
United States District Judge